## Carrol v. Dooley et al., Appellant.

Argued October 12, 1928.

Before
PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN,
GAWTHROP and CUNNINGHAM, JJ.

*Sol Speigel,* and with him *Cohen, Schweidel, Krek-
stein,* for appellant.—It is always competent for par-
ties to a written contract to show that it was subse-
quently abandoned in whole or partly modified or
changed, or a new contract substituted: Holloway v.
Frick, 149 Pa. 178; Reber v. Brownback, 27 Pa. Su-
perior Ct. 471; Germantown Dairy Co. v. McCallum,
223 Pa. 554; Achenbach v. Stoddard, 253 Pa. 338;
Malone v. Railroad, 157 Pa. 430; Producers Coke Co.
v. Hoover, 268 Pa. 104; Flannery v. Wessels, 244 Pa.
321; Flegal v. Hoover, 156 Pa. 276; Wilgus v. White-
head, 89 Pa. 131; Himeles v. Rose, 84 Pa. Superior Ct.
363.

*William J. Kirrane,* for appellee.—A subsequent
parol agreement cannot be received in evidence to alter
the terms of a written agreement for the sale of land:
Brewing Co. v. Thomeier, 2 Pa. Superior Ct. 345;
Espy v. Anderson, 14 Pa. 308; Brown v. German

American Title Co., 174 Pa. 443; Youghiogheny Iron Co. v. Smith, 66 Pa. 340; Lancaster v. Knickerbocker Ice Co., 153 Pa. 427.

OPINION BY HENDERSON, J., December 13, 1928:

Margaret M. Carrol entered into an agreement in writing with one Miriam Dooley for the purchase of real estate in the City of Camden, New Jersey. The first payment of eight hundred dollars on the contract, was made by check; and, at a later date, a payment of twelve hundred dollars was made by check. Possession of the premises was to be delivered to the buyer at a date fixed for settlement. On that date the vendor was unable to deliver possession, a part of the premises being occupied by tenants, who declined to leave. In the meantime, Miss Carrol had assigned her right in the contract to the use plaintiff. The latter demanded possession, and, that being refused, he brought this action to recover the amount of the checks paid on the purchase.

The material contention at the trial related to the connection of the defendants with the receipt of the money paid by the plaintiff. It appeared to the satisfaction of the court and jury, on sufficient evidence, that Miss Dooley, the apparent vendor, was in fact a figurehead merely, and there was evidence to support the finding that Morris A. Sarshik, Isaac Kamens and Samuel Kamens were the real vendors or parties interested in procuring the sale. It was proved that the check for eight hundred dollars was drawn to the order of Morris A. Sarshik, agent, and by him endorsed for deposit only to the credit of Morris A. Sarshik, Incorporated.

The second check was that of a third party, payable to the order of plaintiff. This was endorsed by the plaintiff "Pay to the order of Miriam Dooley," and the endorsement of Isaac Kamens followed that of Miss Dooley.

At the time fixed for settlement both of the Kamens and Sarshik were represented by an attorney, and they were present when this attorney stated that they could not complete the sale. A tender was made by the use plaintiff of the balance of the purchase money due under the contract, but neither Messrs. Kamens nor Sarshik could comply with the demand for the conveyance.

It appeared that Sarshik and the Kamens and one Rosenstein, were engaged in business under the name of the Real Estate Investment Corporation, in Camden. As the Kamens were present participating in the settlement and were represented by their attorney, and as Sarshik received the first payment made on the contract, a jury would be warranted in finding that Miriam Dooley was only a figure-head in the transaction, and that the real sellers of the property were the Kamens and Sarshik. The latter alleged he distributed the eight hundred dollars which he received to the Kamens, and the company with which he was connected. While representing himself as an agent, it appeared that he was vice-president of the alleged company, the other members of which were the Kamens and Rosenstein. This testimony raised an issue of fact which the court properly submitted to the jury. The first assignment of error presents the complaint that the court excluded evidence that the plaintiff was notified of the condition of the property as to occupancy, and that she agreed to accept with the lease. Examination of the record shows that there was not a competent offer to prove a modification of the written agreement. Defendants' counsel stated what the "contention" of his clients was on the subject, but there was no offer to prove that any person communicated either with Miss Carrol or Michael Maloney, her transferee, with reference to the subject of a modification. We need not pass on the question whether the evidence would have been com-

568

petent to affect a contract for the conveyance of land, even if the "contention" referred to had a foundation in fact. If the proposal were to prove a parol change of the contract then there should have been an offer of proof as to the person with whom the transaction took place and what the nature of it was. That part of the record assigned for error in the first assignment is a colloquy merely between the counsel and the court and not a proposal to prove by a witness the change suggested.

The second assignment relates to the refusal of the court to grant a new trial. With respect to that, it is sufficient to say there is nothing on the record from which we should conclude that the court was in error.

The third and fourth assignments relate to the refusal of the court to enter judgment non obstante and the entry of the judgment appealed from. These assignments are without merit and are overruled.

The judgment is affirmed.

NOTE—This opinion was written by Judge Henderson and adopted by the court as its judgment before his death though filed thereafter.